IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| WILLIAM ROGERS, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:15-cv-00714 |
| | § | |
| v. | § | |
| | § | |
| EILEEN FRAZIER, RON VODA, | § | |
| DONA JORDAN, WAYNE | § | |
| KIRKPATRICK, SHERRY DAVIS, | § | JURY TRIAL DEMANDED |
| NORMA OGLESBY, JACKIE | § | |
| RUCKER, MIKE MAYBERRY, | § | |
| HOWARD COQUAT, GLYNDIA | § | |
| LANE, CLINT MCNEAR, TODD | § | |
| ELLINGTON, and CANDYCE | § | |
| PALMTREE | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT CLINT MCNEAR'S REPLY BRIEF TO PLAINITFF'S
SUPPLEMENTAL RESPONSE TO DEFENDANT CLINT MCNEAR'S
MOTION TO DISMISS CONSPIRACY CLAIMS AGAINST HIMSELF AND
SUPPLEMENTAL RESPONSE TO DEFENDANT CLINT MCNEAR'S
<u>MOTION TO DISMISS PLAINTIFF'S §1985 AND §1986 CLAIMS</u>**

COMES NOW, Defendant, Clint McNear, and files this Reply Brief to Plaintiff's Supplemental Response to Defendant Clint McNear's Motion to Dismiss Conspiracy Claims Against Himself and Supplemental Response to Defendant Clint McNear's Motion to Dismiss Plaintiff's §1985 and §1986 Claims. (Doc. No. 66 and 68) Defendant would respectfully show the following:

**I. REPLY**

Defendant McNear moved for dismissal of all claims against him due in part to: (1) Plaintiff's failure to state a claim upon which relief can be granted; and (2) because the claims against McNear are based on, related to, or in response to McNear exercising his right to petition and free speech. (Doc. No. 46) In Plaintiff's response (Doc. No. 66), he contends that certain

actions by McNear at a city council meeting amount to unlawful behavior in furtherance of a conspiracy to remove him from his position as Mayor of the City of Hawkins. The Plaintiff's factual allegations do not support a claim that would entitle him to relief.

It appears that Plaintiff's theory of liability is premised on a theory that McNear conspired with the other Defendants to interfere with his civil rights under 42 U.S.C. § 1985(1) and (3). Under 42 U.S.C. §1985(1), conspiracy to commit the civil rights violation of preventing an officer from performing duties is committed:

> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties.

While under 42 U.S.C. §1985(3), conspiracy to deprive a person of rights or privileges occurs:

> If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

According to Plaintiff, the "Defendants conspired to interfere with Plaintiff's civil rights and to prevent Mayor Rogers an officer from performing his duty as mayor to serve the best interests of the citizens and taxpayers of Hawkins, TX." Plaintiff's Second Amended Complaint (Doc. 38, pg. 22). In Plaintiff's first supplemental response he further alleges that "McNear has a common agreement with one or more of the other Defendants to facilitate the removal of Rogers from office. He agreed to participate in a lawful act (to remove Rogers from office) in an unlawful manner (through the filing of false charges against Rogers)." (Doc. 66, pg. 2) Plaintiff concedes the alleged initial overt act of a common scheme among the Defendants to deprive of his civil rights was completed before "McNear joined with the other Defendant conspirators to finish with their scheme of removing Rogers from office by alleging more false charges of felony conduct by Rogers and further smearing his reputation publicly." Id.

The Plaintiff specifically accuses McNear of conspiring with Defendants in furtherance of their "unlawful efforts and scheme" as follows: "(a) McNear admitted he spoke with Defendants about attending the city council meeting to attack Rogers. (b) McNear was provided by Defendants with a CD (or DVD) of a city council meeting where Rogers supposedly committed a felony worthy of investigation by the Texas Rangers. (c) He attended the meeting and acted as 'council' [*sic*] for Ron Voda and Eileen Frazier. (d) He waived that CD in the air and accused Rogers of retaliation against (Frazier and Voda). (e) McNear called for a felony investigation of Rogers by the Texas Rangers. (f) He spoke to the media about Rogers and what his (McNear's) purpose was concerning the Hawkins meeting. (g) Filed a FOIA request for all Rogers' emails. (h) He only halted his actions at the filing of this lawsuit." Id. It is important to note that none of these alleged facts—*even if true*—would amount to an unlawful act. Indeed, questioning the acts of a public official during a designated public forum is not a violation of any

law or the official's civil rights. Rather, it's a cornerstone of our democratic system of government—the absence of which is tyranny.

A common element of both provisions of § 1985 is the existence of an actual conspiracy. An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *See also Banc One Capital Partners Corp. v. Kneipper,* 67 F.3d 1187, 1194 (5th Cir. 1995).

Plaintiff's conclusory assertions that McNear engaged in a conspiracy is void of any facts that support this claim. First, assuming the allegations that the charges initially filed against the Plaintiff were unlawful, Plaintiff concedes "[t]he initial overt act had already occurred when McNear joined with the other Defendants." Second, assuming the specific allegations pertaining to McNear are true, Plaintiff has not alleged one overt act by McNear that could possibly be construed as unlawful. Essentially, McNear is accused of exercising his constitutionally protected rights to petition and speak freely as a private citizen during the July 15, 2015 City of Hawkins city council meeting. As such, Plaintiff has failed to properly allege the elements required to state a claim for civil conspiracy. The Plaintiff's § 1986 claim also fails as a matter of law absent a viable conspiracy claim under 42 U.S.C. § 1985. *Broyles v. Texas*, 618 F. Supp. 2d 661, 698 (S.D. Tex. 2009). However, even if Plaintiff adequately alleged the existence of a conspiracy, there are independent reasons why the §1985(3) claim against McNear must be dismissed.

To state a "conspiracy" cause of action under 42 U.S.C. § 1985(3) in the Fifth Circuit, a Plaintiff must allege "the action of the conspirators is motivated by a **racial animus**. *Horaist v.*

*Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (quoting *Wong v. Stripling*, 881 F.2d 200, 202-03 (5th Cir. 1989), emphasis added). The Plaintiff's pleadings are entirely lacking of any factual allegations that any of the actions taken by McNear, or any of other the Defendants, were racially motivated. In Plaintiff's Supplemental Response to McNear's Motion to Dismiss Plaintiff's §1985 and §1986 Claims, he states that because he "represents African Americans" as the Mayor of Hawkins, Texas he is a champion of African American rights. (Doc. 68) The Plaintiff further states that he is the champion of "the cause of all concerned citizens of Hawkins who elected him." Id. Nothing in the complaint or the supplemental responses attributes to McNear, or to anyone else, any act motivated by a racial discriminatory animus. Accordingly, Plaintiff's claim under §1985(3) fails.

Lastly, the Plaintiff's allegations that McNear was involved in unlawful activity in "two additional federal law suits" are without merit, and have absolutely no factual connection to Plaintiff's civil rights claims in this case. (Doc. 66, pg. 3) In the two cases cited by Plaintiff, *Malcom Davis v. City of Garland et al*, In the United States District Court for the Northern District of Texas, 3:10-cv-02222-L, and *Johnson v. City of Whitehouse, Texas et al*, In the United States District Court for the Eastern District of Texas, 6:15-cv-892, McNear was not named as a party in either case.

## II. CONCLUSION AND PRAYER

Defendant McNear prays that the Court dismiss Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's supplemental responses do not allege any additional facts that show McNear engaged or conspired to engage in any wrongful or tortious conduct, or allege any facts that the alleged conspirators' actions were motivated by a racial amicus.

Respectfully Submitted,

By: */s/ Andrew W. Stinson*
Chad R. Hyde (Admitted Pro Hac Vice)
Texas Bar No. 24046130
chad.hyde@tmpa.org
Randal C. Doubrava (Admitted Pro Hac Vice)
Texas Bar No. 0602990
randy.doubrava@tmpa.org
TEXAS MUNICIPAL POLICE ASSOCIATION
6200 La Calma Drive, Ste. 200
Austin, Texas 78752
Tel. (512) 454-8900
Fax (512) 454-8860

Andrew W. Stinson
Texas Bar No. 24028013
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
903-597-3301 (telephone)
903-597-2413 (fax)
astinson@rameyflock.com

ATTORNEYS FOR DEFENDANT
CLINT MCNEAR

**CERTIFICATE OF SERVICE**

I certify that on January 18, 2016 counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of the foregoing document. All other parties will be served by first class mail on this same date.

| | |
|---|---|
| Glyndia Lane<br>1334 N. Beaulah<br>Hawkins, TX 75765 | Todd Eddington<br>278 Parrish St.<br>Hawkins, TX 75765 |
| Candyce Palmtree<br>P.O. Box 12<br>Hawkins, TX 75765 | |

*/s/ Andrew W. Stinson*
Andrew W. Stinson