IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| WILLIAM ROGERS, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | No. 6:15CV714-MHS-JDL |
| EILEEN FRAZIER, RON VODA, DONA JORDON, CANDYCE PALMERTREE, WAYNE KIRKPATRICK, SHERRY DAVIS, NORMA OGLESBY, JACKIE RUCKER, TODD EDDINGTON, CLINT MCNEAR, MIKE MABERRY, GLYNDIA LANE, HOWARD COQUAT, | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of United States Magistrate Judge John D. Love in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 8, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant Clint McNear's ("McNear") Motion to Dismiss (Doc. No. 46) be granted.

*Pro se* Plaintiff William Rogers filed objections to the Magistrate Judge's report (Doc. No. 83) on February 22, 2016, and McNear filed a response (Doc. No. 90) on March 8, 2016.

The court has made a *de novo* review of the objections raised by Plaintiff, as well as McNear's response to those objections, and is of the opinion that the findings and

1

conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

The Magistrate Judge correctly found that Plaintiff has failed to state a claim against McNear. Therefore, dismissal is warranted pursuant to Federal Rule 12(b)(6). FED. R. CIV. P. 12(b)(6). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). As noted by the Magistrate Judge, Plaintiff's claims fail to provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" as to McNear. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007) (internal quotations omitted).

As the Magistrate Judge noted, Plaintiff's claims for violation of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 contain little more than "formulaic recitation of the elements" of the statute. *Twombly*, 550 U.S. at 555. Plaintiff's objections merely reassert these same "formulaic recitations" and fail to provide any new information or legal arguments to support his claim that McNear conspired with other Defendants to deprive Plaintiff of his constitutional rights. The only factual allegations against McNear involve his attendance at a city council meeting, an interview with the media, and a "FOIA" request to obtain Plaintiff's emails. As detailed by the Magistrate Judge in his report, Plaintiff failed to show the existence of any actual conspiracy involving McNear and government officials, or that any of McNear's actions were in any way unlawful or in furtherance of a conspiracy.

In his objections, Plaintiff attempts to claim the existence of an agreement between private and state actors based on the fact that two of the defendants affiliated with the City of Hawkins are also members of the TMPA, McNear's employer. *See* Doc. No. 83 at 2-3. However, the mere fact that certain defendants are members of TMPA, a state-wide non-profit law enforcement organization, fails to establish that they "exercised coercive power or…provided such significant encouragement" over McNear such that his conduct as a private citizen is deemed to be that of the state. *See Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989) (citing *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348-49 (5th Cir. 1985) (internal citations and quotations omitted). As correctly the Magistrate Judge correctly found, there can be no actionable claim against a private actor under § 1983 without an agreement between private and state actors. *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994).

Plaintiff's claims under § 1985 fail for similar reasons. Not only has Plaintiff has failed to show the existence of an actual conspiracy, a claim under § 1985 in the Fifth Circuit must allege "the action of the conspirators is motivated by a racial animus. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (quoting *Wong*, 881 F.2d at 202-03 (5th Cir. 1989). As the Magistrate Judge noted, Plaintiff failed to establish any underlying racial motivation on the part of McNear or any of the other Defendants. Even viewing the alleged facts in the light most favorable to Plaintiff and taking into account the allegations contained in his second supplemental response (*see*

Doc. No. 68) – as the Magistrate Judge did here – Plaintiff failed to allege any set of facts entitling him to relief under 42 U.S.C. § 1985.[1]

The Magistrate Judge properly recommended dismissal of Plaintiff's remaining claims for similar reasons. The Court thus agrees with the Magistrate Judge's finding that Plaintiff has failed to assert a claim upon which relief may be granted on any of his causes of action against McNear.

Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly **ORDERED** that McNear's motions to dismiss (Doc. No. 46) is **GRANTED**, and all claims against Defendant Clint McNear are hereby dismissed.

**SIGNED this 15th day of March, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that although Plaintiff's objections reference a number of responsive pleadings purporting to contain "evidence" to support his allegations, McNear's Rule 12(b)(6) Motion to Dismiss is not an evidentiary motion. To survive dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.