# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **WILLIAM ROGERS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 6:15-cv-714-MHS-JDL |
| | § | |
| **EILEEN FRAZIER, RON VODA,** | § | |
| **DONA JORDON, WAYNE KIRKPATRICK,** | § | |
| **SHERRY DAVIS, NORMA OGLESBY,** | § | |
| **JACKIE RUCKER, MIKE MABERRY,** | § | |
| **HOWARD COQUAT, GLYNDIA LANE,** | § | **JURY TRIAL DEMANDED** |
| **TODD EDDINGTON and** | § | |
| **CANDYCE PALMERTREE** | § | |

## MOTION TO COMPEL BY CITY OF HAWKINS DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Eileen Frazier, Ron Voda, Donna Jordan, Wayne Kirkpatrick, Sherry Davis, Norma Oglesby, Jackie Rucker, Howard Coquat and Mike Mayberry (the "City Hawkins Defendants") and file this their Motion to Compel, and would respectfully show the Court the following:

### I.

### Introduction

1. On January 25, 2016, the Court entered a Discovery Order (Doc. No. 75) that was previously agreed to by all Partes. The Discovery Order provided, in relevant part, that Additional Disclosures would be due within forty-five (45) days after entry of the Discovery Order. Thus, Additional Disclosures were due on or about March 10, 2016. With regard to Section 2, B of Additional Disclosures (Doc. No. 75, p. 2), the Parties were to disclose the following:

1

B. A complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

To date, and despite repeated requests, Plaintiff has not provided any of the information and documents outlined in Section 2, B. As a result, Plaintiff has caused the cancellation of Plaintiff's deposition set for April 27, 2016, which will also likely result in the rescheduling of the mediation set for May 13, 2016. The City of Hawkins Defendants request the Court enter an order compeling Plaintiff to immediately disclose the required information and documents outlined in Section 2, B of Additional Disclosures.

## II.

## Relevant Time Line

2. The following is a relevant time line of events set forth in Exhibit A:

08/03/2015  Plaintiff files Original Complaint (Doc. No. 1).

01/08/2016  All Parties participated in a conference call to discuss proposed orders, including Discovery Order.

01/14/2016  Proposed Discovery Order submitted to Court (Doc. No. 70).

01/25/2016  Discovery Order entered by Court (Doc. No. 75).

03/10/2016  Due date for Additional Disclosures. Plaintiff's response to Section 2, B is attached as Exhibit A-1. Plaintiff states "[a]t this time, as of March 10, 2016, there is no computation of damages except those set forth in Plaintiff's Complaint to be determined by the jury at trial. If Defendants need some category and/or amount of damages to be calculated, Plaintiff will attempt to provide them with that documentation." There is no computation of damages contained in Plaintiff's Complaint.

03/21/2016  Plaintiff files a Motion for Extension of Time (Doc. No. 95) claiming an alleged head injury from an accident. The City of Hawkins Defendants did

2

|            | not oppose the Motion and the Court stays all discovery, including depositions, for two weeks (Doc. No. 97). |
|------------|---|
| 03/22/2016 | Counsel for City of Hawkins Defendants sends Plaintiff letter requesting proposed future dates for Plaintiff's deposition (Exhibit A-2). No response from Plaintiff. |
| 03/30/2016 | Counsel for City of Hawkins Defendants calls Plaintiff to discuss resetting mediation (due to the two week stay) and the necessity of taking Plaintiff's deposition before mediation. Counsel for City of Hawkins Defendants specifically requested Plaintiff to provide convenient deposition dates. Thereafter, no response from Plaintiff. |
| 04/06/2016 | Due to lack of response from Plaintiff, Counsel for City of Hawkins Defendants noticed Plaintiff's deposition for April 20, 2016. (Exhibit A-3) In the cover letter to Plaintiff, Counsel for City of Hawkins Defendants specifically requested that Plaintiff provide all information and documents outlined in Section 2, B of the Additional Disclosures in advance of the deposition date. |
| 04/07/2016 | Plaintiff telephones Counsel for City of Hawkins Defendants and requests the April 20, 2016 deposition date be rescheduled. Counsel for City of Hawkins Defendants agreed to reschedule the deposition for April 27, 2016. During the telephone call, Counsel for City of Hawkins Defendants specifically informed Plaintiff of the need for all information and documents outlined in Section 2, B of the Additional Disclosures in advance April 27, 2016 deposition. |
| 04/20/2016 | Having not received the Section 2, B Additional Disclosures, Counsel for City of Hawkins Defendants sent a reminder letter to Plaintiff. (Exhibit A-4) |
| 04/21/2016 | Counsel for City of Hawkins Defendants receives from Plaintiff (via email) the letter attached as Exhibit A-5. The letter states that Plaintiff intends to hire a "forensic accountant" and that he will be asking the Court for an extension of time. |

### III.

### Motion to Compel

3. The City of Hawkins Defendants request the Court enter an order compeling Plaintiff to immediately disclose the required information and documents outlined in Section 2, B of Additional

Disclosures. The information and documents required by Section 2, B are critically necessary to the defense of this case. Without Section 2, B disclosures, the City of Hawkins Defendants are without knowledge of what categories of damages Plaintiff is seeking in this civil action, the manner in which Plaintiff has computed the alleged damages and the identity of documents that allegedly support the damages. It would be extremely prejudicial for the City of Hawkins Defendants to depose Plaintiff without Section 2, B information and documents. Counsel for City of Hawkins Defendants would be ill prepared for the deposition and would be unable to effectively cross-examine Plaintiff on damages and supporting documents. Plaintiff's representation in Exhibit A-5 that his Section 2, B disclosures are contained in his Complaint is simply not true.

4. Plaintiff has not, and cannot, present any good cause for not providing basic mandatory disclosures. Plaintiff has had since August 5, 2015, the date he filed this civil action, to formulate his alleged damages. It appears to the City of Hawkins Defendants that Plaintiff is taking dilatory actions to prevent, delay and/or impede the taking of his oral deposition (i.e. alleging a head injury (but still conducting business at the City of Hawkins), refusing to provide convenient deposition dates and, now, not providing mandatory disclosures). There are fourteen (14) Parties and two (2) counsel of record in this civil action. Scheduling a convenient deposition and mediation date for all Parties is a difficult and time consuming task.

5. As a result of Plaintiff not providing Section 2, B disclosures, Counsel for the City of Hawkins Defendants has (this afternoon) cancelled the deposition of Plaintiff for the above reasons. The City of Hawkins Defendants respectfully move the Court to compel Plaintiff to immediately provide the required information and documents outlined in Section 2, B of Additional Disclosures and to order Plaintiff to promptly submit to an oral deposition.

WHEREFORE, PREMISES CONSIDERED, Defendants Eileen Frazier, Ron Voda, Donna Jordan, Wayne Kirkpatrick, Sherry Davis, Norma Oglesby, Jackie Rucker, Howard Coquat and Mike Mayberry pray that this Court grant this Motion to Compel in its entirety, and for such other relief to which they may be entitled.

Respectfully submitted,

**BOON, CALK, ECHOLS, COLEMAN AND GOOLSBY, P.L.L.C.**
1800 W. Loop 281, Suite 303
Longview, Texas 75604
(903) 759-2200-telephone
(903) 759-3306-facsimile

BY: *Darren K. Coleman*
   DARREN K. COLEMAN
   SBN: 04558570
   Attorney-in-Charge
   BRADLEY R. ECHOLS
   SBN: 06390450

**ATTORNEYS FOR THE CITY OF HAWKINS DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served upon Plaintiff and all attorneys of records by electronic filing and upon the following Defendant, by U.S. certified mail, return receipt requested, at the following addresses:

Candyce Palmertree
P.O. Box 12
Hawkins, Texas 75765

on this the 21st day of April 2016.

*Darren K. Coleman*
DARREN K. COLEMAN

**CERTIFICATE OF CONFERENCE**

Counsel for the City of Hawkins Defendants has conferred with Plaintiff Rogers, Defendant Candyce Palmertree, *pro se*, and counsel for Defendants Todd Eddington and Glyndia Lane. Only Plaintiff is opposed to this Motion.

                                          *Darren K. Coleman*
                                          DARREN K. COLEMAN